IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| KELLEY WILLIAMSON COMPANY, | ) ) ) |
| Defendant. | ) |

CIVIL ACTION NO.

C O M P L A I N T

JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII"), and Title I of the Americans with Disabilities Act of 1990 ("ADA"), to correct unlawful employment practices on the bases of sex (female) and disability, and to provide appropriate relief to an aggrieved individual who was adversely affected by such practices. As alleged with greater particularity below, Defendant Kelley Williamson Company ("Defendant" or "Kelley Williamson") discriminated against Alison Clodfelter ("Aggrieved Individual"), a female employee who worked in Defendant's gas station and convenience store in Byron, Illinois, by subjecting her to workplace harassment on the basis of her sex.

The Commission further alleges that Defendant failed to treat medical records and information it requested from Alison Clodfelter as confidential and failed to maintain them in separate files, in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title

1

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) ("Title VII"); Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1) and (3); and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission ("Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) by reference.

4. At all relevant times, Defendant has continuously been a corporation doing business in the State of Illinois and the City of Byron, in Ogle County.

5. At all relevant times, Defendant has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h), and Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates the preceding sections by reference.

7. At all relevant times, Kelley Williamson has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, the Aggrieved Individual filed a charge with the Commission alleging violations of Title VII and the ADA by Kelley Williamson.

9. On July 21, 2021, the Commission issued to Kelley Williamson a Letter of Determination finding reasonable cause to believe that Kelley Williamson (1) violated Title VII by discriminating against the Aggrieved Individual because of her sex, by subjecting her to sexual harassment, and (2) violated the ADA by failing to keep the Aggrieved Individual's medical information confidential.

10. The Commission invited Kelly Williamson to engage in informal conciliation efforts to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. The Commission engaged in communications with Kelley Williamson to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. On September 8, 2021, the Commission issued Kelley Williamson a Notice of Failure of Conciliation.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. Since at least August 2018, Defendant has engaged in unlawful employment practices at its Byron, Illinois, gas station and convenience store, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2(a)(1). In particular:

    a) These practices included, but are not limited to, subjecting the Aggrieved Individual to harassment because of her sex, including unwelcome and offensive sexual comments and propositions. For example, the husband of the Aggrieved Individual's manager made frequent, vulgar sexual jokes to and about Charging Party, asked her when she was "going to do [him]," boasted to her about his sex life and bodily functions, and rubbed his crotch in her presence.

    b) As a result of reports and complaints by staff and customers, Kelley Williamson knew or should have known about the harassment.

    c) Kelley Williamson failed to prevent and/or promptly remedy the harassment. Even after Defendant received complaints about the harassment, Kelley Williamson took no action to prevent the harassment for many months, allowing the harassment to continue and escalate.

16. From in or around December 2018 to February 2019, Defendant engaged in unlawful employment practices at its Byron, Illinois, gas station and convenience store, in violation of the ADA, 42 U.S.C. § 12112(d)(3)(B) and (d)(4)(C). These practices include, but are not limited to:

    a) Failing to preserve the confidentiality of medical information that the Aggrieved Individual provided to Defendant in response to Defendant's medical inquiry, for example by leaving the medical information in a generally-accessible breakroom where they could be viewed by individuals with no legitimate need to view them, and when the store manager verbally disclosed the information to individuals with no legitimate need to have it.

    b) Failing to maintain the Aggrieved Individual's personal medical information in separate medical files, by leaving the medical information in a generally-accessible breakroom, and taking and storing pictures of the medical records on a supervisor's personal cell phone.

17. The effect of the practices complained of above has been to deprive the Aggrieved Individual of equal employment opportunities and otherwise adversely affect her status as employees because of her sex (female).

18. The effect of the practices complained of above has been to deprive the Aggrieved Individual of equal employment opportunities and otherwise adversely affect her status as an employee because of her disclosure of medical information protected by the ADA.

19. The unlawful employment practices complained of above were intentional.

20. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individual.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

    A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of sex in violation of Title VII.

    B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which violate fail to preserve the confidentiality of medical information, in violation of the ADA.

    C. Order Defendant to institute and carry out policies, practices, and programs which

provide equal employment opportunities for its employees regardless of sex and disability status, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make whole the Aggrieved Individual by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make the Aggrieved Individual by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, humiliation, and inconvenience, in amounts to be determined at trial.

F. Order Defendant to pay the Aggrieved Individual punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint that do not relate solely to equitable relief.

Dated February 9, 2022

        CHRISTOPHER LAGE
        Deputy General Counsel

        GWENDOLYN REAMS
        Associate General Counsel

        U.S. Equal Employment
        Opportunity Commission

131 M. Street, N.E.
Washington, D.C. 20507

GREGORY M. GOCHANOUR
Regional Attorney
Gregory.Gochanour@eeoc.gov

JUSTIN MULAIRE
Supervisory Trial Attorney
Justin.Mulaire@eeoc.gov

MILES SHULTZ
Trial Attorney
Miles.Shultz@eeoc.gov

*s/ Greger B. Calhan*
Greger B. Calhan
Trial Attorney

U.S. Equal Employment
Opportunity Commission
Chicago District Office
230 S. Dearborn St., Suite 2920
Chicago, Illinois 60604
(312) 872-9676
Greger.Calhan@eeoc.gov

7